In the Matter of the Application of WALTER G. JONES, Petitioner, for an Order of Mandamus against JOSEPH F. LOEHR, as Comptroller of the City of Yonkers, Respondent.*

Supreme Court, Westchester County, January 30, 1929.

*William J. Wallin,* for the petitioner.

*Harry J. Laragh,* opposed.

*Leonard G. McAneny,* for Joseph F. Loehr.

YOUNG, J.   This is a motion for a peremptory order addressed to the comptroller of the city of Yonkers forthwith to sign a warrant in form required by law for the payment of the salary to the petitioner, Walter G. Jones, as alderman of the third ward of the city of Yonkers.

The city of Yonkers is under the administration of the Second Class Cities Law.   Section 31 of that law provides for the organi-

*Affd., 226 App. Div. 757.

zation of a common council, which has a president *pro tempore* elected by the council itself, and a president of the council elected by the people of the entire city.

It happened that the mayor of the city, Thomas F. Larkin, died during his term of office. The charter of the city (Laws of 1908, chap. 452) provides that upon the death of the mayor, the president of the common council shall become the acting mayor of the city, and the charter also provides that in such an event the president *pro tempore* of the council shall be advanced to the office of president of the common council.

Now it happens that the alderman of the third ward of the city of Yonkers, namely, John S. Davis, was at the time of the death of Mr. Larkin, the deceased mayor, the president *pro tempore* of the common council.

Under the aforesaid provision of the charter the said John S. Davis was advanced automatically from the position of president *pro tempore* of the common council to the office of president of the common council, an office which he now holds regularly and lawfully as is conceded by everybody.

This means, if the contention of the respondent is to be upheld, that the said John S. Davis now holds office as president of the common council and also as alderman of the third ward of the city of Yonkers.

I cannot find that such an interpretation of the charter is tenable. It seems to me that the office of president of the common council is a separate, independent and distinctive office with powers greatly in excess of the president *pro tempore* or the alderman of a ward, and that by the advancement of Alderman John S. Davis from the office of alderman of the third ward to the office of president of the common council a vacancy arose in the common council in the office of alderman of the third ward.

Practically all of the facts surrounding the present status of the officers of the common council of the city of Yonkers are agreed upon. The only question before the court at this time is this simple question: " Was there a vacancy in the office of alderman of the third ward at the time the mayor by due procedure, as is conceded, appointed the relator, Walter G. Jones, to that office? "

In my view of the matter there was a vacancy, and as there was, there is no doubt of the power of the mayor to appoint an alderman to fill a vacancy. I must hold that under the law Walter G. Jones is the alderman of the city of Yonkers for the third ward thereof, and further that he is entitled to the relief for which he asks.

I am satisfied, too, that any other interpretation of the provisions of the charter would lead to confusion and would cause the execution

of duties on the part of some officials which are either contradictions or usurpations.

It is my idea that the offices of alderman in the common council, president *pro tempore* thereof, and president of that council are intended to be exercised by certain definite individuals so that definite personal responsibility shall be insured as against the individual holding these offices.

It is clear to me the motion for a peremptory order should be granted, and it is so ordered, with fifty dollars costs.